**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ANDREA C. DOMINGUEZ,**

    **Plaintiff,**

v.                                                 **No. 21-cv-0380 SMV**

**KILOLO KIJAKAZI,[1]**
**Acting Commissioner of the Social Security Administration,**

    **Defendant.**

### <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing with Supporting Memorandum [Doc. 17], filed on November 8, 2021. The Commissioner responded on March 11, 2022. [Doc. 23]. Plaintiff replied on April 22, 2022. [Doc. 26]. The parties have consented to my entering final judgment in this case. [Doc. 31]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the administrative law judge ("ALJ") failed to follow Defendant's own rules in calculating Plaintiff's date last insured ("DLI"), and the error prejudiced Plaintiff. Further, the ALJ's failure to make any finding at all on the somatic-related evidence is reversible error. Accordingly, remand is warranted. The Court declines to pass on Plaintiff's other challenges at this time. The Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four) (2018).

---

[1] Kilolo Kijakazi is the current Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Commissioner Andrew Saul as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (2012).

## **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

national economy, considering her residual functional capacity ("RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits ("DIB"), and supplemental security income on May 23, 2018.  Tr. 195.  She alleged a disability-onset date of May 10, 2018.  *Id.*  Her claims were denied initially and on reconsideration.  *Id.*  ALJ Cole Gerstner held a hearing on January 9, 2020, at Santa Fe, New Mexico.  Tr. 30, 195.  Plaintiff appeared in person with her non-attorney representative.  Tr. 30, 195.  The ALJ heard testimony from Plaintiff and vocational expert ("VE") Nicole B. King.  Tr. 40, 195.

The ALJ issued his unfavorable decision on March 3, 2020.  Tr. 214.  He found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2018. Tr. 198.  At step one, he found that Plaintiff had not engaged in substantial gainful activity since May 18, 2018.  *Id.*  At step two, the ALJ found that Plaintiff suffered from the following severe impairments:  seizure disorder, obesity, status-post bilateral mastectomies (prophylactic), degenerative disc disease of the cervical and lumbar spine, mild wrist tendonitis, anxiety, and depression.  *Id.*  The ALJ found the following impairments were not severe:  ovarian cancer of the right ovary (diagnosed in 2012), migraine headaches, plantar facial fibromatosis, carpal tunnel syndrome (bilateral releases performed in 2010), hyperthyroidism/Grave's disease, and venous occlusive disease of the right eye.  Tr. 198–200.

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  Tr. 200–02.  Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC.

4

Tr. 202–12.  The ALJ found that Plaintiff could perform a limited range of light, unskilled work.

Tr. 202.  Specifically, he found that Plaintiff:

> has the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except: [Plaintiff] can never climb ladders, ropes or scaffolds; She can occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl; She can never work at unprotected heights, and can never work around moving mechanical parts; She should not have a job that requires operating a motor vehicle; She can perform simple, routine tasks; Judgment would be limited to simple work-related decisions; She can occasionally interact with supervisors, coworkers and the public; Changes in the work setting should be limited to simple work-related decisions.

*Id.*

At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a loan clerk, apartment house manager, or telephone representative.  Tr. 212–13.  Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five.  Tr. 213–14.  He found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled.  *Id.*  Ultimately, the ALJ determined that Plaintiff had not been under a disability as defined by the Social Security Act and denied Plaintiff's claims.  *Id.*  The Appeals Council denied review on September 16, 2020. Tr. 223–28.  With an extension of time, Tr. 7, Plaintiff timely filed the instant action on April 26, 2021.  [Doc. 1].

## Discussion

The Court finds that the ALJ failed to follow Defendant's own rules in calculating Plaintiff's DLI, and the error was prejudicial.  Moreover, the ALJ's failure to make any finding at

all on the somatic-related evidence is reversible error.  The Court declines to pass on Plaintiff's

other challenges at this time.

The ALJ failed to follow Defendant's own rules
in calculating Plaintiff's DLI, and the error was prejudicial.

The Hearings, Appeals, and Litigation Law Manual ("HALLEX") explains the following:

> The earnings record will usually be fully developed when the CF [claims folder] is
> received in the HO [hearing office].  However, **the ALJ or the HO staff must
> undertake appropriate development if there is any reason to believe that the
> most recent earnings information in the CF does not accurately reflect all of
> the claimant's earnings**, or if clarification of the earnings information is needed.
> The ALJ may need current earnings information to:
>
> - update the existing record; e.g., the claimant's testimony at the hearing
>   indicates that he or she returned to work after the alleged onset date (AOD),
>   and the most recent earnings information in the CF does not show earnings
>   after the AOD;
> - clarify quarters denoted by pound (#) signs;
> - establish or clarify the claimant's work history; or
> - obtain the names and addresses of the claimant's employers.
>
> It is not necessary to verify information on the earnings record, unless there is a
> reason to doubt its accuracy.

HALLEX § I-2-5-72 (Earnings Record Information—General) (2005) (emphasis added).

Defendant was required to follow her own rules.  Defendant's failure to follow her own rules,

when prejudice results, violates the right to due process.  *Wells v. Colvin*, 208 F. Supp. 3d. 1162,

1167 (D. Colo. 2016); *see Dexter v. Colvin*, 731 F.3d 977, 980–82 (9th Cir. 2013) (finding due-

process violation where ALJ failed to follow regulation allowing the claimant to show good cause

for a missed deadline, which prejudiced her because she had good cause); *Kiiker v. Astrue*, 364 F.

App'x 408, 410 n.3 (10th Cir. 2010) ("[T]he alleged violation must result in a procedure which

itself falls short of standards derived from the Due Process Clause."); *Wilson v. Comm'r of Soc.

Sec.*, 378 F.3d 541, 545 (6th Cir. 2004) ("An agency's failure to follow its own regulations tends

6

to cause unjust discrimination and deny adequate notice and consequently may result in a violation of an individual's constitutional right to due process.") (internal quotation marks omitted); *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) ("[W]here the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required.  If prejudice results from a violation, the result cannot stand.") (internal quotation marks and citation omitted).

In his written decision, the ALJ found that Plaintiff's DLI was June 30, 2018.  Tr. 198. This date apparently relies on certain records indicating Plaintiff had no income from work between 2015 and 2018.  *See* Tr. 35–39.  However, Plaintiff testified that, in fact, she worked full time during those years. Tr. 34–35.  Further, the ALJ had the Detailed Earnings Queries before him, which showed that Plaintiff earned more than $29,000 each year in 2015, 2016, and 2017 and earned more than $11,000 in 2018.  Tr. 335, 345, 350 (earnings queries); Tr. 216–17 (relevant portion of list of exhibits before the ALJ).  These earnings would entitle Plaintiff to a much later DLI than June 30, 2018.  *See* 42 U.S.C. § 423(a), (c) (describing how DLI is calculated).  The ALJ said so himself at the hearing.  "Yeah, you ought to be fully insured up to about May of '23." Tr. 42.  On remand, Defendant should take care to follow her own rules in determining Plaintiff's DLI.[4]

---

[4] Defendant argues that the particular DLI "has no bearing on the ALJ's substantive decision."  [Doc. 23] at 20 n.8. This argument is not persuasive.  Arriving at the correct DLI is a matter of significant consequence for Plaintiff.  A later DLI gives a larger window of time to establish disability and entitlement to DIB.  A later DLI may also result in an increased monthly benefit amount, either as disability or retirement benefits.

<u>Remand is required for evaluation of the</u>
<u>somatic-related evidence in the first instance.</u>

Additionally, the Court finds that that the ALJ committed reversible error in failing to make any findings on Plaintiff's somatic symptom disorder or chronic pain syndrome. The ALJ made no finding on either diagnosis at any point his decision. He does not mention either in any way. These conditions inform how Plaintiff experiences pain and other symptoms. *See* AM. PSYCHIATRIC ASS'N, DIAGNOSTIC & STATISTICAL MANUAL OF MENTAL DISORDERS 311 (5th ed. 2013) (describing the criteria and features of somatic symptom disorder). Certainly, "an ALJ is not required to discuss every piece of evidence[, but he] must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d at 1009–10 (citation omitted). Here the ALJ failed to discuss the probative, uncontradicted evidence of how Plaintiff experiences pain and other symptoms, in the form of somatic symptom disorder and/or chronic pain syndrome. This overarching error infected the entire decision.

As merely one example, the ALJ failed to apply the correct legal standard at step three when he failed to make findings on Listing 12.07.[5] *See* Tr. 200–02. A reasonable adjudicator

---

[5] **12.07 Somatic symptom and related disorders (see 12.00B6), satisfied by A and B:**
    A.  Medical documentation of <u>one</u> or more of the following:
        1.  Symptoms of altered voluntary motor or sensory function that are not better explained by another medical or mental disorder;
        2.  One or more somatic symptoms that are distressing, with excessive thoughts, feelings, or behaviors related to the symptoms; or
        3.  Preoccupation with having or acquiring a serious illness without significant symptoms present.
    AND
    B.  Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
        1.  Understand, remember, or apply information (see 12.00E1).
        2.  Interact with others (see 12.00E2).

applying the correct legal standard could have found that Plaintiff met Listing 12.07 for somatic symptom and related disorders. *Compare* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.07 (Listing criteria), *with* Tr. 1197 (Dr. Gzaskow's opinion). Further illustrations of this error are unnecessary. Suffice it to say, remand is warranted for evaluation of Plaintiff's somatic-symptom related conditions in the first instance.

<u>Conclusion</u>

The Court finds Defendant's own rules were not followed in calculating Plaintiff's DLI, and the error prejudiced Plaintiff. Additionally, the ALJ's failure to make any finding at all on the somatic-related evidence is reversible error. Remand is warranted. The Court declines to pass on Plaintiff's other challenges at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing with Supporting Memorandum [Doc. 17] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion. *See* § 405(g) (sentence four).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

3.  Concentrate, persist, or maintain pace (see 12.00E3).
4.  Adapt or manage oneself (see 12.00E4).

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.07.